JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury  - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | or Defendant) | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | ❏ 871 IRS—Third Party | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | 26 USC 7609 | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Jacob Aronauer*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR LUNA and LUIS ALVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT GENERAL CONSTRUCTION LLC and ARNALDO ECHEVARRIA, individually,<br><br>Defendants. | Case No:<br><br>**COMPLAINT** |

Plaintiffs Victor Luna ("Luna") and Luis Alvarez ("Alvarez") (collectively "Plaintiffs"), by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Patriot General Construction LLC ("Patriot General") and Arnaldo Echevarria ("Echevarria"), individually (collectively "Defendants"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a civil action for damages based upon Defendants' willful violations of Plaintiffs' rights guaranteed to them by: (1) Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (2) the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq.* ("NJWHL"); and (3) the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4 *et seq.* ("NJWPL").

2.      Specifically, Plaintiffs bring this action to remedy Defendants' willful violations of FLSA, NJWHL, and NJWPL for failure to: (1) pay Plaintiffs their hours worked in excess of 40 in a workweek at a rate of 1.5 times their regular rate of pay or the applicable minimum wage, whichever is greater; (2) timely pay Plaintiffs their wages due; and (3) pay all wages owed to Plaintiffs.

3.      Plaintiff Luna also seeks damages under the retaliatory provisions of the FLSA § 215(a)(3); NJWPL, N.J.S.A. § 34:11-4.10 *et seq*; NJWHL, N.J.S.A. § 34:11-56a24, 34:11-56a25; and New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, *et seq*., for Defendants' retaliatory conduct of filing of a criminal complaint against Plaintiff Luna merely days after he complained to Defendants about both the non-payment and late payment of his wages.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action because this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

5.      The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367(a) as they form part of the same case or controversy.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**A.      Plaintiff Victor Luna**

7.      Luna resides in Queens County, New York.

8.      From on or about January 17, 2024, through on or about July 12, 2025, Luna worked for Defendants as a construction laborer.

9.      Luna's job duties included, *inter alia*, demolition, placing new drywall, plastering, and painting.

10.     Luna is a covered employee within the meaning of the FLSA, NJWHL, NJWPL, and the CEPA.

**B.     Plaintiff Luis Alvarez**

11.     Alvarez resides in Kings County, New York.

12.     From on or about January 17, 2024, through on or about July 12, 2025, Alvarez worked for Defendants as construction laborer.

13.     Alvarez's job duties included, *inter alia*, demolition, placing new drywall, plastering, and painting.

14.     Alvarez was a covered employee within the meaning of the FLSA, NJWHL, and NJWPL.

**C.     Defendant Patriot General Construction LLC**

15.     Patriot General is a New Jersey limited liability company providing general construction services in New Jersey, with its principal place of business at 6 Commerce Drive #304, Cranford, New Jersey 07016.

16.     At all relevant times, Patriot General controlled and directed Plaintiffs' terms of employment and compensation.

17.     At all relevant times, Patriot General established, implemented, disseminated, and controlled the employment policies applicable to Plaintiffs including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiffs.

18.     At all relevant times, Patriot General maintained and exercised its power to hire, fire, discipline, and promote Plaintiffs.

19.     At all relevant times, Patriot General was Plaintiffs' "employer" within the meaning of the FLSA, NJWHL, NJWPL, and CEPA, and all applicable regulations thereunder.

20.     At all relevant times, Patriot General was and continues to be an "enterprise engaged in interstate commerce" within the meaning of the FLSA and the regulations thereunder.

3

21. At all relevant times, Patriot General engaged in interstate commerce by using equipment and material produced outside of New Jersey or moved in interstate commerce, and had employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

22. By way of example, Plaintiffs were provided construction supplies and materials to handle and use that originated from outside of the State of New Jersey and/or moved in interstate commerce to perform their work.

23. Upon information and belief, at all relevant times, Patriot General had an annual gross volume of sales in excess of $500,000.00.

**D.    Defendant Arnaldo Echevarria**

24. Echevarria is, upon information and belief, a resident of Somerset County, New Jersey.

25. Echevarria manages, owns, and operates Defendant Patriot General.

26. Echevarria's actual place of business is located at 6 Commerce Drive #304, Cranford, New Jersey 07016.

27. At all relevant times, Echevarria controlled and directed Plaintiffs' terms of employment and compensation.

28. At all relevant times, Echevarria maintained and exercised his power to hire, fire, promote, and discipline Plaintiffs.

29. At all relevant times, Echevarria maintained control, oversight, and direction of Plaintiffs, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiffs.

30. At all relevant times, Echevarria determined Plaintiffs' rates and method of payments.

31.     At all relevant times, Echevarria was an "employer" of Plaintiffs within the meaning of the FLSA, NJWHL, NJWPL, and CEPA, and all applicable regulations thereunder.

## FACTS

**A.     Plaintiff Luna's Employment with Defendants**

32.     From on or about January 17, 2024, through on or about July 12, 2025, Luna worked for Defendants as a construction laborer.

33.     Luna worked for Defendants performing general construction in New Jersey.

34.     At all relevant times, Luna was a non-exempt employee pursuant to the FLSA, NJWHL, and NJWPL, and was entitled to minimum wages for all hours worked and overtime compensation for all hours worked in excess of 40 in a workweek.

35.     For the first month of work, Luna regularly worked from 8:00 a.m. to 5:00 p.m., seven days a week, with a one-hour unpaid lunch break, for a total of 56 hours each workweek.

36.     For the remainder of Luna's employment, he regularly worked from 8:00 a.m. to 5:00 p.m., six days a week, with a one-hour unpaid lunch break, for a total of 48 hours each workweek.

37.     Despite routinely working more than 40 hours per workweek, Luna was not paid overtime compensation at 1.5 times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of 40 per workweek.

38.     From the start of Luna's employment through in or around June 2025, Defendants paid Luna a flat daily rate of $280, regardless of the overtime hours that he worked.

39.     From in or around June 2025, through the end of his employment, Defendants paid Luna a flat daily rate of $250, regardless of the overtime hours that he worked.

40.     Luna's regular pay day was seven days after the end of the pay period, but often, Defendants would pay him late, sometimes by several weeks.

5

41. In or around June 2025, Defendant changed Luna's pay day from seven days after the end of the pay period to 14 days after the end of the pay period.

42. In or around the spring of 2024, Luna stopped working for Defendants due to four weeks of unpaid wages.

43. Defendants asked Luna to return to work and compensated him, albeit late, for two out of the four weeks of wages owed to him.

44. Defendants never paid Luna for the remaining two weeks of unpaid wages.

45. On or about July 12, 2025, Luna notified Defendants of his resignation due to Defendants' unlawful wage practices.

46. Specifically, Luna engaged in protected activity when he notified Defendants of his resignation due to Defendants' late payment of his wages and non-payment of his wages.

47. At the time of his resignation, Defendants owed Luna 13 days of unpaid work, in addition to the unpaid wages from the spring of 2024.

48. Defendants retaliated against Plaintiff Luna for complaining about Defendants' unlawful wage practices by days later bringing a baseless criminal complaint.

49. As a result of Defendants' retaliation, Luna has suffered economic losses, reputational damage, and severe emotional distress.

**B.** **Plaintiff Alvarez's Employment with Defendants**

50. From on or about January 17, 2024, through on or about July 12, 2025, Alvarez worked for Defendants as a construction laborer.

51. Alvarez worked for Defendants performing general construction in New Jersey.

52. At all relevant times, Alvarez was a non-exempt employee pursuant to the FLSA, NJWHL, and NJWPL, and was entitled to minimum wages for all hours worked and overtime compensation for all hours worked in excess of 40 per week.

53. For the first month of work, Alvarez worked from 8:00 a.m. to 5:00 p.m., seven days a week, with a one-hour unpaid lunch break, for a total of 56 hours each workweek.

54. For the remainder of Alvarez's employment, he worked from 8:00 a.m. to 5:00 p.m., six days a week, with a one-hour unpaid lunch break, for a total of 48 hours each workweek.

55. Despite routinely working more than 40 hours per workweek, Alvarez was not paid overtime compensation of 1.5 times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of 40 per workweek.

56. From the start of Alvarez's employment through in or around June 2025, Defendants paid him a flat daily rate of $280, regardless of the overtime hours worked.

57. From in or around June 2025, through the end of his employment, Defendants paid Alvarez a flat daily rate of $250, regardless of the overtime hours that he worked each week.

58. Despite routinely working more than 40 hours per week, Alvarez was not paid overtime compensation of 1.5 times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of 40 per workweek.

59. Alvarez's regular pay day was seven days after the end of the pay period, but often, Defendants would pay him late, sometimes by several weeks.

60. In or around June 2025, Defendant changed Alvarez's pay day from seven days after the end of the pay period to 14 days after the end of the pay period.

61. In or around the spring of 2024, Alvarez stopped working for Defendants due to four weeks of unpaid wages.

62. Defendants asked Alvarez to return to work and compensated him, albeit late, for two of the four weeks of wages owed to him.

63. Defendants never paid Alvarez for the remaining two weeks of unpaid wages.

64.     On or about July 12, 2025, Alvarez notified Defendants of his resignation due to Defendants' unlawful wage practices.

65.     Specifically, Alvarez notified Defendants of his resignation due to Defendants' late payment of his wages and non-payment of his wages.

66.     In addition to the unpaid wages from the spring of 2024, Defendants have not paid Alvarez for the six days that he worked.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA: Unpaid Overtime**

67.     Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

68.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

69.     Plaintiffs were "employees" and Defendants were "employers" within the meaning of the FLSA.

70.     During the full statutory period, Plaintiffs were protected by the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and applicable regulations thereunder.

71.     Defendants were required under the FLSA, 29 U.S.C. § 207(a), to pay the Plaintiffs at a rate not less than 1.5 times Plaintiffs' regular wage rate or the applicable minimum wage rate, whichever is greater, for all hours that Plaintiffs worked in excess of 40 in a workweek.

72.     Plaintiffs were not exempt from the requirement that Defendants compensate Plaintiffs at a rate not less than 1.5 times Plaintiffs' regular wage rate or the applicable minimum wage rate, whichever is greater, for all hours that Plaintiffs worked in excess of 40 in a workweek.

73.     Plaintiffs regularly worked in excess of 40 hours per workweek during their employment with Defendants.

74.     Defendants did not pay Plaintiffs 1.5 times their regular rate or the applicable minimum wage rate, whichever is greater, for all hours worked by Plaintiffs in excess of 40 per workweek in violation of the FLSA, 29 U.S.C. § 207(a).

75.     At all relevant times throughout Plaintiffs' employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs one and one-half 1.5 times the regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for work in excess of 40 hours per workweek.

76.     Defendants' unlawful conduct, as described in this complaint, has been willful and intentional.

77.     Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.

78.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

79.     As a result of Defendants' unlawful conduct, Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of the FLSA: Late Payment of Wages

80.     Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

81.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

82. Plaintiffs were "employees" and Defendants were "employers" within the meaning of the FLSA.

83. During the full statutory period, Plaintiffs were protected by the provisions of the FLSA, 29 U.S.C § 201, *et seq.*, and applicable regulations thereunder.

84. The FLSA requires covered employers, including Defendants, to pay Plaintiffs all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

85. Plaintiffs were not exempt from the requirement that Defendants timely pay them their wages.

86. During the full statutory period, Defendants engaged in a policy and practice of failing to pay Plaintiffs all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

87. As a result of Defendants' failure to pay Plaintiffs all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

88. As a result of Defendants' pattern and practice of paying Plaintiffs late, Plaintiffs have suffered concrete harm.

89. Specifically, Defendants prevented Plaintiffs from, *inter alia*: (i) being able to pay for necessities, such as food, utilities, or medical expenses; (ii) being able to pay rent and credit card bills on time; and/or (iii) receiving the time value of their wages that Defendants illegally delayed.

90. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA and/or applicable regulations thereunder.

91. As a result of Defendants' willful violations of the FLSA, Plaintiffs seek damages in the amount provided by the FLSA including, *inter alia*, their unpaid wages, liquidated damages, prejudgment interest, attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Violation of the FLSA: Unpaid Wages

92. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

93. Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

94. Plaintiff were "employees" and Defendants were "employers" within the meaning of the FLSA

95. During the full statutory period, Plaintiffs were protected by the provisions of the FLSA, 29 U.S.C § 201, *et seq.*, and applicable regulations thereunder.

96. The FLSA requires covered employers, including Defendants, to pay Plaintiffs all wages owed.

97. Plaintiffs were not exempt from the requirement that Defendants pay them their wages.

98. During the full statutory period, Defendants engaged in a policy and practice of failing to pay Plaintiffs all wages earned for their hours worked.

11

99.     As a result of Defendants' failure to pay Plaintiffs all compensation earned, Defendants have violated the FLSA and/or applicable regulations thereunder.

100.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA and/or applicable regulations thereunder.

101.     As a result of Defendants' willful violations of the FLSA, Plaintiffs seek damages in the amount provided by the FLSA including, *inter alia*, their unpaid wages, liquidated damages, prejudgment interest, attorneys' fees and costs, and other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### Violation of the NJWHL: Unpaid Overtime

102.     Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

103.     At all times relevant, Plaintiffs were employees of Defendants, and Defendants were Plaintiffs' employer within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

104.     Defendants were required under the NJWHL, N.J.S.A. 34:11-56a, *et seq.*, to pay Plaintiffs at a rate not less than one and one-half (1.5) times Plaintiffs' regular wage rates for all hours that Plaintiffs worked in excess of 40 in a workweek.

105.     Plaintiffs were not exempt from the requirement that Defendants compensate Plaintiffs at a rate not less than 1.5 times Plaintiffs' regular wage rates for all hours that Plaintiffs worked in excess of 40 in a workweek.

106.     Plaintiffs regularly worked in excess of 40 hours per workweek during their employment with Defendants.

12

107.    Defendants did not pay Plaintiffs 1.5 times their regular rates for all hours worked in excess of 40 per workweek in violation of the NJWHL.

108.    At all relevant times throughout Plaintiffs' employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs 1.5 times the regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for work in excess of 40 hours per workweek.

109.    Through their knowledge and intentional failure to pay overtime wages to Plaintiffs, Defendants have willfully violated the NJWHL and the supporting New Jersey State Department of Labor Regulations.

110.    As a result of Defendants' willful violations of the NJWHL, Plaintiffs seek their unpaid overtime wages, liquidated damages, prejudgment interest, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to NJWHL.

## FIFTH CAUSE OF ACTION
### Violations of the NJWPL: Late Payment of Wages

111.    Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

112.    At all relevant times, Defendants failed to pay Plaintiffs the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. § 34:11-4.2.

113.    As a result of Defendants' willful violations of the NJWPL, Plaintiffs seek all wages due, liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL.

13

## SIXTH CAUSE OF ACTION
### Violation of the NJWPL: Unpaid Wages

114.    Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

115.    At all relevant times, Defendants failed to pay Plaintiffs the full amount of wages earned, in violation of N.J.S.A. § 34:11-4.2.

116.    Defendants' failure to pay Plaintiffs' wages was willful and intentional.

117.    As a result of Defendants' violations of the NJWPL, Plaintiffs are entitled to recover from Defendants their unpaid wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL.

## SEVENTH CAUSE OF ACTION
### Violation of FLSA § 215(a)(3): Retaliation
### (*On Behalf of Plaintiff Luna*)

118.    Luna re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

119.    Section 215(a)(3) of the FLSA prohibits employers from taking adverse actions against an employee for making complaints, including oral complaints, about the employer's violation of the FLSA.

120.    Luna was an "employee" and Defendants were "employers" within the meaning of the FLSA, including its anti-retaliation provision.

121.    Luna engaged in protected activity by making internal complaints to Defendants concerning non-payment and late payment of wages and/or by otherwise asserting rights under the FLSA.

122.    Within a short time after Luna's protected activity, on or about July 18, 2025, Defendants took adverse actions against Luna, including by days later filing a baseless criminal complaint.

123.    Defendants' adverse actions would dissuade a reasonable employee from making or supporting a complaint regarding wages and were taken because of Luna's protected activity.

124.    As a result of Defendants' conduct, Defendants are in violation of FLSA § 215 (a)(3).

125.    As a direct and proximate result of Defendants' retaliation, Luna is entitled to damages, including lost wages, lost benefits, emotional distress, reputational harm, and as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the FLSA.

### EIGHTH CAUSE OF ACTION
**Violation of the NJWPL N.J.S.A. § 34:11-4.10 *et seq*.: Retaliation**
**(*On Behalf of Plaintiff Luna*)**

126.    Luna re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

127.    Luna was an "employee," and Defendants were "employers," within the meaning of the NJWPL.

128.    Luna engaged in protected activity under the NJWPL by complaining to Defendants about non-payment and late payment of wages and by asserting statutory wage rights. *See* N.J.S.A. 34:11-4.10.

129.    Within days of Luna's protected activity, Defendants retaliated against Luna by, among other things, filing a baseless criminal complaint against Luna.

130.    The adverse actions taken within just days of Luna's protected activity give rise to a rebuttable presumption of retaliation under the NJWPL. *See* N.J.S.A. § 34:11-4.10 (as amended by the New Jersey Wage Theft Act).

15

131.    Defendants' conduct was willful and/or taken with reckless disregard for Luna's rights.

132.    As a direct and proximate result of Defendants' retaliation, Luna is entitled damages including lost wages, lost benefits, emotional distress, reputational harm, consequential damages, and as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL.

### NINTH CAUSE OF ACTION
**Violation of the NJWHL, N.J.S.A. §§ 34:11-56a24 and 34:11-56a25: Retaliation**
**(*On Behalf of Plaintiff Luna*)**

133.    Luna re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

134.    Luna was an "employee," and Defendants were "employers," within the meaning of the NJWHL.

135.    Luna engaged in protected activity by complaining to Defendants about non-payment and late payment of wages and/or minimum wage/overtime issues, and by asserting wage rights under New Jersey law. *See* N.J.S.A. 34:11-56a24.

136.    Shortly after Luna's protected activity, on or about July 18, 2025, Defendants took adverse actions against Luna, including filing a criminal complaint alleging theft, which would deter a reasonable employee from asserting wage rights.

137.    The adverse actions taken within just days of Luna's protected activity give rise to a rebuttable presumption of retaliation under the NJWHL. *See* N.J.S.A.§ 34:11-56a24 and the remedial enforcement provided in N.J.S.A. § 34:11-56a25.

138.    Defendants acted willfully and/or with reckless disregard of Luna's rights.

139.    As a direct and proximate result of Defendants' retaliation, Luna is entitled to damages including lost wages, lost benefits, emotional distress, reputational harm, consequential

16

damages, and as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWHL.

## TENTH CAUSE OF ACTION
### Violation of the CEPA, N.J.S.A § 34:19-1, *et seq*.: Retaliation
### (*On Behalf of Plaintiff Luna*)

140.    Luna re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

141.    Luna was an "employee," and Defendants were "employers," within the meaning of CEPA. *See* N.J.S.A. 34:19-2.

142.    Luna reasonably believed that Defendants' non-payment and late payment of wages violated federal and/or state wage laws, including the FLSA, NJWPL, and NJWHL.

143.    Luna engaged in protected activity under CEPA by objecting to and/or refusing to participate in practices he reasonably believed to be unlawful, and/or by disclosing or threatening to disclose such practices to persons with supervisory authority. *See* N.J.S.A. 34:19-3.

144.    Defendants knew of Luna's protected activity.

145.    Shortly thereafter, on or about July 18, 2025 Defendants subjected Luna to adverse employment actions and retaliatory conduct, including filing a criminal complaint alleging theft relating to a battery despite Luna's stated intent to return it, as well as other retaliatory acts that negatively affected the terms, conditions, and privileges of employment and/or would dissuade a reasonable person from engaging in protected activity.

146.    There is a causal connection between Luna's protected activity and Defendants' adverse actions, evidenced by, among other things, temporal proximity, pretextual explanations, and animus toward Luna's wage complaints.

147.    As a direct and proximate result of Defendants' retaliation, Luna is entitled to damages including back pay, front pay, lost benefits, emotional distress, reputational harm,

liquidated damages, interest, punitive damages, and as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the CEPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of an order and judgment against Defendants Patriot General and Arnaldo Echevarria, as follows:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    Damages for the violations of the FLSA to Plaintiffs, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

D.    Damages for the violations of the NJWHL and NJWPL to Plaintiffs, in an amount to be determined at the trial, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

E.    Damages for Defendants' retaliatory conduct against Luna, in violation of the FLSA, NJWHL, NJWPL, and CEPA, including, in an amount to be determined at the trial of the action, liquidated damages, as provided by the FLSA, NJWHL, NJWPL, compensatory damages and punitive damages as provided by the CEPA, interest, attorneys' fees, and the costs of the action, as provided by the FLSA, NJWHL, NJWPL and the CEPA;

F.    Pre-judgment and post-judgment interest on the foregoing amounts;

G.    For the costs and disbursements of this action, including attorneys' fees; and

H.    For such other further and different relief as this Court deems just and proper.

Dated: November 11, 2025
       New York, New York

                                    Respectfully submitted,

                              By:   */s/ Jacob Aronauer*
                                    Jacob Aronauer
                                    250 Broadway, Suite 600
                                    New York, NY 10007

                                    *Attorney for Plaintiffs*

19